UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FILED
OCT 08 2009
USDC WP SDNY

TODD KREISLER, )
)
    Plaintiff, )
vs. )
)
LIN'S GOURMET, INC., ) Civil Action No. 09 CIV. 8620
a New York corporation, )
d/b/a LIN'S GOURMET, and ) JUDGE CASTEL
JOSEPH B. ROSENBLATT, )
an individual, )
)
    Defendants. )
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TODD KREISLER (hereinafter the "Plaintiff"), through his undersigned counsel, hereby files this Complaint and sues LIN'S GOURMET, INC., a New York corporation, d/b/a LIN'S GOURMET, and JOSEPH B. ROSENBLATT, an individual (hereinafter collectively the "Defendants"), for injunctive relief, attorney's fees, litigation expenses and costs pursuant to 42 U.S.C. §12181, et. seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and the New York City Human Rights Law and allege:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief, as well as attorney's fees, litigation expenses, and costs pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter referred to as the "ADA") and the New York City Human Rights Law. This Court is vested with original jurisdiction under 28 U.S.C. §1331 and 28 U.S.C. §1343. The New York City claim is properly before this Court under the Court's supplemental jurisdiction. 28 U.S.C. §1367.

1

2. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred in New York County, New York.

3. At the time of the Plaintiff's visit to LIN'S GOURMET, prior to instituting the instant action, TODD KREISLER (hereinafter referred to as "KREISLER") was a resident of the State of New York, suffered from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, and used a wheelchair for mobility. Prior to filing this lawsuit, the Plaintiff personally visited LIN'S GOURMET, but was denied full and equal access to, and full and equal enjoyment of, the facilities within LIN'S GOURMET restaurant, which is the subject of this lawsuit.

4. One of the Defendants is a New York corporation, and one of the Defendants is an individual, which are both authorized to conduct, and which are conducting, business within the State of New York. Upon information and belief, LIN'S GOURMET, INC. is the lessee and/or operator of the Subject Facility, and owner of the improvements on the real property where the Subject Facility is located which are the subjects of this action, the restaurant commonly referred to as LIN'S GOURMET located at 1097 2nd Avenue, New York, New York (hereinafter referred to as "LIN'S GOURMET") which also maintains and controls the Subject Facility. Upon information and belief, JOSEPH B. ROSENBLATT is the owner and lessor of the real property where the Subject Facility is located which is the subject of this action, the restaurant commonly referred to as LIN'S GOURMET located at 1097 2nd Avenue, New York, New York (hereinafter the "Subject Facility") which also maintains and controls the subject real property.

5. All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the premises is located in New York County in the Southern District.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

6. On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(a).

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, LIN'S GOURMET is a place of public accommodation in that it is a restaurant which provides food, beverages and services to the public.

8. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the building and/or Subject Facility which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

9. The Plaintiff is informed and believes, and therefore alleges, that the Subject Facility has begun operations and/or undergone substantial remodeling, repairs and/or alterations since January 26, 1992.

10. Defendants have discriminated, and continue to discriminate, against the Plaintiff, and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at LIN'S GOURMET in derogation of 42 U.S.C. §12101 et. seq. and as prohibited by 42 U.S.C. §12182 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily accessible.

11. The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all of the accommodations and services offered at LIN'S GOURMET. Prior to the filing of this lawsuit, the Plaintiff visited the subject property and was

denied full and safe access to all of the benefits, accommodations and services of the Defendant, LIN'S GOURMET, INC.'S restaurant. Prior to the filing of this lawsuit, KREISLER personally visited LIN'S GOURMET with the intention of using LIN'S GOURMET's facilities, but was denied full and safe access to the facilities within LIN'S GOURMET and therefore suffered an injury in fact. In addition, Plaintiff continues to desire to visit LIN'S GOURMET in the future, but continues to be injured in that he is unable to and continues to be discriminated against due to the architectural barriers which remain at LIN'S GOURMET in violation of the ADA and the New York City Human Rights Law.

12. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $55,000 for the first violation and $110,000 for any subsequent violation.

13. The Defendants' Subject Facility is in violation of 42 U.S.C. §12181 et. seq., the ADA and 28 C.F.R. 36.302 et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific violations:

(i) Failure to provide an accessible entrance due to a step outside the entrance door, and the failure to install a ramp and/or otherwise provide an accessible entrance.

(ii) Failure to provide accessible handles on the restroom entrance/egress door.

(iii) Failure to provide insulation for the exposed hot water and drain pipes under the lavatory to prevent burns.

(iv) Failure to provide appropriate signage on the restroom door indicating that the

4

restroom is handicap accessible.

(v)   Failure to provide signage addressing people with disabilities telling them that accessible services are provided.

(vi)  Failure to provide a safe and accessible emergency exit from the Subject Facility.

14.   Upon information and belief, there are other current violations of the ADA at LIN'S GOURMET and only once a full inspection is done can all said violations be identified.

15.   To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16.   Pursuant to the ADA, 42 U.S.C. §12101 et. seq., and 28 C.F.R. §36.304, the Defendants were required to make the Subject Facility, a place of public accommodation, accessible to persons with disabilities since January 28, 1992. To date, the Defendants have failed to comply with this mandate.

## COUNT II – VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW

17.   The New York City Human Rights Law provides:

(a) It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived … disability … of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof … to the effect that any of the accommodations, advantages, facilities and privileges of any such place or provider shall be refused, withheld from or denied to any person on account of … disability ….

NYC Admin. Code § 8-107(4)(a).

18.   Defendants' LIN'S GOURMET, INC. and JOSEPH B. ROSENBLATT are in violation of the New York City Human Rights Law by denying the Plaintiff full and safe access to

all of the benefits, accommodations and services of the Subject Facility.

19. The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 16 as if set forth in their entirety here.

## ATTORNEY'S FEES AND COSTS

20. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to the ADA and the New York City Human Rights Law.

## INJUNCTIVE RELIEF

21. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA and the New York City Human Rights Law and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff hereby demands judgment against the Defendants and requests the following relief:

A. The Court declare that the subject property and Subject Facility owned, operated, leased, controlled and/or administered by the Defendants is violative of the ADA and the New York City Human Rights Law;

B. The Court enter an Order requiring the Defendants to alter its facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA and the New York City Human Rights Law; and requiring the Defendants to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendants to

      undertake and complete corrective procedures to the Subject Facility;

C.    The Court award reasonable attorney's fees, costs, and litigation expenses, and such other and further relief of suit, to the Plaintiff;

D.    The Court award compensatory damages to the Plaintiff based on the Defendants' violation of the New York City Human Rights Law;

E.    The Court award such other and further relief as it deems just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right.

Dated this 9th day of October, 2009.

                          Respectfully submitted,

                          _____
                          Adam T. Shore, Esq. (AS4825)
                          15 Bank Street, # 111L
                          White Plains, New York 10606
                          Telephone:  (914) 329-1626
                          Email:        atsesq@gmail.com