**MEMO ENDORSED**



*Handwritten endorsement:* The parties are free to file a motion. In doing so, they should address the standard in Lugosch v. Pyramid, 435 F.3d 110 (2d Cir. 2006). SO ORDERED /s/ P. Kevin Castel 5-7-10

*Stamp:* RECEIVED MAY 07 2010 CHAMBERS OF P. KEVIN CASTEL U.S.D.J.

May 6, 2010

**VIA FEDERAL EXPRESS**
Hon. P. Kevin Castel
United States District Court
United States Courthouse
500 Pearl Street
New York, NY 10007

Re:  Kreisler v. Lin's Gourmet, Inc., et al.
      Case Number: 09cv8620 (PKC)

Dear Judge Castel:

The undersigned counsel both represent the plaintiff Todd Kreisler in the above-referenced matter.

On March 11, 2010, defendant's counsel Glen H. Parker, Esq., filed a Letter [DE 17] in opposition of Plaintiff's Motion To Admit B. Bradley Weitz Pro Hac Vice on ECF. This Court accordingly directed Plaintiff's counsel to respond in the Endorsed Order [DE 20]. Glenn Parker has since withdrawn his opposition to the pro hac vice motion in a letter to Judge Castel [DE 25] filed May 3, 2010

The undersigned counsel both respectfully request this Court to seal Defendant's opposition letter to the Motion To Appear Pro Hac Vice [DE 17] and this Court's corresponding Order [DE 20]. In the alternative, the undersigned request a pre-motion conference regarding submitting a Motion To Seal Defendant's opposition letter to the Motion To Appear Pro Hac Vice [DE 17] and this Court's corresponding Order [DE 20].

The Court has the authority to grant the sealing of filed documents based on "good cause." While the First Amendment provides for public access to the courts, that right of access is not without limits. *Va. Dep't of State Police v. Wash. Post,* 386 F. 3d 567, 575 (4th Cir. 2004). Indeed, "the trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In Re The Knight Publishing Co.,* 743 F. 2d 231, 235 (4th Cir. 1984); *see also Rushford v. New Yorker Magazine,* 846 F. 2d 249, 253 (4th Cir. 1988) (stating that to place documents under seal, the court must determine "that the denial [of access] serves an important governmental interest and that there is no less restrictive way to serve that governmental interest").

Since all opposition has been withdrawn to Plaintiff's Motion To Admit B. Bradley Weitz Pro Hac Vice, and no adverse facts have been substantiated, it is fair and equitable for the undersigned to hereby respectfully request that this Honorable Court seal DE 17 and DE 20.

The aforementioned requested has been consented to by all parties

*Stamp:* USDS SDNY DOCUMENT ELECTRONICALLY FILED DOC #: _____ DATE FILED: 5/7/2010

Respectfully submitted,

By: _____
B. Bradley Weitz, Esq.
THE WEITZ LAW FIRM, P.A.
Attorney for Plaintiff – Pro Hac Vice
Bank of America Building
18305 Biscayne Blvd., Suite 214
Aventura, Florida 33160
Telephone: (305) 949-7777
Facsimile: (305) 704-3877

By: _____
Adam T. Shore, Esq. (AS4825)
LAW OFFICE OF ADAM SHORE
Attorney for Plaintiff
50 Main Street, Suite 1000
White Plains, New York 10606
Telephone: (914) 682-2793
Facsimile: (914) 206-7771
Email: atsesq@gmail.com

cc: **VIA FACSIMILE AND MAIL**
Glen H. Parker, Esq.
Hoey, King, Toker & Epstein
Attorneys for Joseph Rosenblatt
55 Water Street, 29th Floor
New York, New York 10041

Scott Goldfinger, Esq.
Law Office of Scott Goldfinger
Attorney for Lin's Gourmet, Inc.
225 Broadway, Suite 715
New York, New York 10007