UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.: 09-cv-8620-PKC

TODD KREISLER,

    Plaintiff,

vs.

LIN'S GOURMET, INC., a New York
corporation, d/b/a LIN'S GOURMET, and
JOSEPH B. ROSENBLATT, an individual,

    Defendants.
_____/

### PLAINTIFF'S MOTION TO SEAL DEFENDANT'S OPPOSITION LETTER TO MOTION TO APPEAR PRO HAC VICE [DE 17] AND THIS COURT'S CORRESPONDING ORDER [DE 20] AND INCORPORATED MEMORANDUM OF LAW

    COMES NOW Plaintiff, Todd Kreisler (hereinafter, the "Plaintiff"), by and through his undersigned counsel, and hereby respectfully moves this Court for the entry of an Order To Seal Defendant's Opposition Letter To Motion To Appear Pro Hac Vice [DE 17] and this Court's corresponding Order [DE 20] (hereinafter, the "Motion"), and in support thereof states:

    1. Defendant's counsel Glen H. Parker, Esq. Opposition Letter [DE 17] was entered in the Court's docket on March 11, 2010. Said Letter opposed Plaintiff's Motion To Admit B. Bradley Weitz Pro Hac Vice.

    2. This Court entered an Endorsed Order [DE 20] on March 15, 2010, directing Plaintiff's counsel to respond to Defendant's Opposition Letter.

    3. On May 3, 2010, Defendant's counsel Glen H. Parker, Esq., withdrew his opposition to the *pro hac vice* motion in a letter to Judge Castel [DE 25], as the parties had entered into settlement of this matter.

4. In light of the sensitive nature which was stated in Defendant's counsel's Opposition Letter [DE 17], and as the undersigned had not responded to the allegations therein since the parties subsequently entered into settlement of this matter, the undersigned counsel respectfully request this Court to seal Defendant's opposition letter to the Motion To Appear Pro Hac Vice [DE 17] and this Court's corresponding Order [DE 20] re same, since if this unresolved issue is not sealed it may become an issue in the future for B. Bradley Weitz, Esq., and such statements may cause a risk of unnecessary harm and undue burden.

5. In determining whether to grant a motion to seal, courts begin with the assumption that the documents at issue are judicial records subject to public access. They then engage in a balancing test to determine if the interest in sealing or maintaining the seal on such documents outweighs the public's interest in access to them. In conducting this balancing test, courts have placed the burden upon the party which seeks to overcome the presumption of public access to show some significant interest that outweighs the public access. The courts have applied a three-part test in deciding whether to seal such document, as follows: (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object; (2) consider less drastic alternatives to sealing the documents; and (3) provide specific reasons and factual findings supporting the decision to seal the documents and for rejecting alternatives. *See e.g., Ashcraft v. Conoco, Inc.,* 218 F.3d 288, 302 (4th Cir. 2000); *Stone v. University of Maryland Medical System Corporation,* 855 F.2d 178, 182 (4th Cir. 1988); *In re Knight Publishing Company,* 743 F.2d 231, 235-36 (4th Cir. 1984). *See also, United States ex rel. Coughlin v. IBM,* 992 F. Supp. 137, 141 (N.D.N.Y. 1998)(balancing "need for and harm risked by the disclosure sought by Realtors"); *United States ex rel. O'Keefe v. McDonnell Douglas Corp.,* 902 F. Supp. 189, 191 (E.D. Mo. 1995)(court has discretion to maintain seal on pre-intervention documents

after "balancing [the requesting party's] need for the sealed documents and the harm to the government risked by disclosure").

MEMORANDUM OF LAW

New York courts frequently wrestle with the issue of whether, and how, a court should "seal" documents that arise during litigation. The courts must not only consider the applicable legal standard, but also balance competing policy concerns; the public's right to unfettered access to the judicial decision-making process versus the potential harm to litigants or the public should the information be made available.

While a "good cause" standard is used by both New York State and federal courts, those courts have adopted different approaches to the "good cause" analysis. *See, e.g., L.K. Station Group, LLC v. Quantek Media, LLC,* 20 Misc.3d 1142(A), 2008 N.Y. Slip Op. 51827 (U), 2008 WL 4172655 at *2(Sup. Ct. N.Y. Co., 2008)("The manner in which "good cause: is construed, however, seems to be broader in the federal courts than in New York courts.")

Although both New York State and federal courts apply a general presumption in favor of public access to the judicial records, differences in application of the "good cause" standard seems to stem from the following factors: 1)"good cause" in the federal courts is initially examined against the backdrop of a discovery rule which New York examines it against a statute specifically intended to scrutinize sealing; 2) New York treats all judicial documents equally while the federal courts recognize different types of judicial documents; and 3) federal courts apply a calculated presumption of public access based on the type of judicial document and its role in the adjudication.

In federal court, a party must move for a protective order to seal documents. Protective orders in federal court practice are governed by Rule 26(c) of the Federal Rules of Civil

Procedure, "… the court may, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense…" Fed R. Civ. P. 26(c). Balanced against a party's "good cause" is the common law right of public access to judicial documents. *See, Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 120 (2d Cir 2006). Where the document is "judicial" in nature, the federal courts apply a more demanding standard of "good cause". Judicial documents are given a presumption of public access, but, the strength of the presumption is based on the document's role in the adjudicatory process. *See Cumberland Packaging Corp. v. Monsanto,* 184 F.R.D. 504, 505 (E.D.N.Y. 1999). The approach is based on the belief that many of the documents "… generated in federal litigation actually have little or no bearing on the exercise of Article III judicial power" and, as a result, the court must identify the documents "… directly affect[ing] an adjudication to matters that come within the court's purview solely to insure their irrelevance." *United States v. Amodeo,* 71 F.3d 1044, 1050 (2d. Cir. 1995).

      The undersigned counsel contend that the allegations in Defendant's counsel's letter, coupled with the lack of the undersigned's response to same, due to a subsequent settlement, would be harmful to the undersigned in that it may cause a risk of unnecessary harm and undue burden. Therefore, in accordance with *Lugosch v. Pyramid Co. of Onondaga,* avoiding the aforementioned risk constitutes "good cause" which outweighs the public right to access these particular documents [DE 17 and DE 20]. It should be noted by the Court, that the instant Motion is not requesting that the entire matter be sealed, but merely the aforementioned specific documents [DE 17 and DE 20]. Further, the Parties, and respective counsel, have agreed to consent to a Motion To Seal as part of the settlement of this matter. Further, had the undersigned responded to said Opposition Letter, it would have been shown that, ultimately, in that matter, no

4

monetary sanctions whatsoever had been enforced by the court against B. Bradley Weitz, Esq. In addition, reasonable public notice of the sealing of documents [DE 17 and DE20] has been given through the instant filing. Furthermore, considering the Opposition Letter has been withdrawn, without the undersigned filing a formal response, no less restrictive method would adequately preserve the nature of the information at issue, and protect B. Bradley Weitz, Esq. from any unnecessary future harm or risk and undue burden. This aforementioned constitutes good cause for this Motion To Seal to be granted. Importantly, all parties' counsel have consented, as part of the settlement of this matter, to the undersigned's filing of a Motion To Seal in this matter. This Court certainly has the discretion to approve a motion to seal in order to help facilitate settlement. While this case has been settled, the parties consent to a Motion To Seal was made part of the settlement agreement. Not withstanding the foregoing, the Court may also wish to note that the undersigned is pleased to report that B. Bradley Weitz, Esq. has recently been approved, and formally admitted, to practice in this Honorable United States District Court for the Southern District of New York.

**WHEREFORE**, for the reasons set forth above, since all opposition has been withdrawn to Plaintiff's Motion To Admit B. Bradley Weitz Pro Hac Vice, and no adverse facts have been substantiated or responded to, it is fair and equitable for the undersigned to respectfully request that this Honorable Court seal DE 17 and DE 20, as well as the instant Motion To Seal, for good cause shown herein.

Respectfully submitted,

By: s/ B. Bradley Weitz_____
B. Bradley Weitz, Esq., (BW9365) / *Pro Hac Vice*
THE WEITZ LAW FIRM, P.A.
Attorney for Plaintiff
18305 Biscayne Blvd., Suite 214
Aventura, Florida 33160
Telephone: (305) 949-7777
Facsimile: (305) 704-3877
Email: bbw@weitzfirm.com


By: s/ Adam T. Shore_____
Adam T. Shore, Esq. (AS4825)
LAW OFFICE OF ADAM SHORE
Attorney for Plaintiff
50 Main Street, Suite 1000
White Plains, New York 10606
Telephone: (914) 682-2793
Facsimile: (914) 206-7771
Email: atsesq@gmail.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.: 09-cv-8620-PKC

TODD KREISLER,

    Plaintiff,

vs.

LIN'S GOURMET, INC., a New York
corporation, d/b/a LIN'S GOURMET, and
JOSEPH B. ROSENBLATT, an individual,

    Defendants.
_____/

**CERTIFICATE OF SERVICE**

I hereby certify that on May 11, 2010, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record, corporations, or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or via U.S. mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


By: s/ B. Bradley Weitz_____
B. Bradley Weitz, Esq. (BW9365) **/** *Pro Hac Vice*
THE WEITZ LAW FIRM, P.A.
Attorney for Plaintiff
Bank of America Building
18305 Biscayne Blvd., Suite 214
Aventura, Florida 33160
Telephone: (305) 949-7777
Facsimile: (305) 704-3877
Email: bbw@weitzfirm.com

7

**SERVICE LIST**

TODD KREISLER vs. LIN'S GOURMET, INC., a New York corporation,
d/b/a LIN'S GOURMET, and JOSEPH B. ROSENBLATT, an individual,
CASE NO.: 09-cv-8620-PKC
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK


Glen H. Parker, Esq.
Hoey, King, Toker & Epstein
Attorneys for Joseph Rosenblatt
55 Water Street, 29th Floor
New York, New York 10041
Telephone: (212) 612-4200
Facsimile: (212) 612-4284
Email: gparker@hoeyking.com
ELECTRONIC NOTICE


Scott Goldfinger, Esq.
Law Office of Scott Goldfinger
Attorney for Lin's Gourmet, Inc.
225 Broadway, Suite 715
New York, New York 10007
Telephone: (212) 227-4530
Email: scottgoldfinger@gmail.com
ELECTRONIC NOTICE